IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| DONALD VINCENT BERNARDO ) | CASE NO. B-08-80681 C-7D |
| ) | |
| Debtor, ) | |
| ) | |
| LEON F. LOCKLEAR ) | JUDGE CATHARINE R. CARRUTHERS |
| ) | |
| Plaintiff, ) | ADVERSARY PROCEEDING |
| ) | NO._____ |
| v. ) | |
| ) | |
| DONALD VINCENT BERNARDO, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW, Leon F. Locklear (the "Plaintiff"), and hereby files this Complaint to Determine Dischargeability of Debt (the "Complaint"), and respectfully shows the Court as follows:

### Bankruptcy Filing and Case Background

1. On March 24, 1998, the Plaintiff filed a complaint (the "1998 Complaint") in the General Court of Justice, Superior Court Division in Forsyth County, North Carolina (the "Superior Court") against Donald Vincent Bernardo (the "Debtor"), A. Brad Bullock ("Bullock"), and BB Aviation Company, Inc. ("BB" and, collectively with the Debtor and Bullock, the "Defendants"), in which the Plaintiff sought damages in the amount of $550,000.00, plus prejudgment interest and costs, from the Defendants for breach of contract, fraud, and unfair

US2000 10919164.1 08599-350384

and deceptive trade practices. A true and correct copy of the 1998 Complaint is attached hereto as <u>Exhibit A</u>.

2.  The Debtor and Bullock owned one-hundred percent (100%) of the stock of BB, and used BB to defraud the Plaintiff.

3.  As stated in the 1998 Complaint, on or about July 1, 1997, the Plaintiff entered into an agreement with the Defendants (the "Agreement"), whereby the Plaintiff agreed to provide the Defendants with a loan in the amount of $500,000.00, for the acquisition of a Boeing 737-217H aircraft and lease. As consideration, the Defendants agreed to repay the Plaintiff $550,000.00, upon the sale of a 1979 Falcon 20F aircraft, Serial Number 395, engines and spare parts owned by BB. In addition, as security for their promise to repay the Plaintiff, the Defendants provided the Plaintiff with an equity partnership position with BB in said Falcon, engines and spare parts in the amount of $550,000.00.

4.  At the time the Agreement was executed, the Defendants had no equity in the aircraft to pledge as security to the Plaintiff because Branch Banking & Trust Company had a prior recorded security interest in the aircraft, which the Defendants knew exceeded the fair market value of the aircraft.

5.  As further stated in the Complaint, on or about October 20, 1997, the Defendants, without the knowledge or consent of the Plaintiff, sold two Falcon aircraft engines and refused to pay the Plaintiff according to the terms of the Agreement.

6.  On July 29, 1998, after a hearing on the Plaintiff's motions for entry of default and default judgment against the Debtor, the Superior Court granted said motions and entered a judgment against the Debtor (the "Judgment"). The entry of default and judgment conclusively established the Debtor's fraud, which the Debtor admitted by his failure to file a responsive

pleading. *See N. Am. Acceptance Corp. v. Samuels*, 181 S.E.2d 794, 798 (N.C. Ct. App. 1971) (pursuant to N.C. R. Civ. P. 8(d), allegations in pleadings requiring a response are admitted when not denied in a responsive pleading), *State Employees' Credit Union, Inc. v. Gentry*, 330 S.E.2d 645, 648 (N.C. Ct. App. 1985) (allegations deemed admitted when default entered and liability conclusively established).

7. The Judgment is in the amount of $550,000.00, plus interest at the legal rate of 8% from July 1, 1997, as well as the costs of the action. As noted in the Judgment, "the amount prayed for by the Plaintiff is for an amount which has been admitted by all Defendants to be due and owing to Plaintiff." A true and correct copy of the Judgment is attached hereto as <u>Exhibit B</u>.

8. The Judgment was docketed in Moore County, North Carolina, on September 3, 1998, thereby creating a lien on the Debtor's real property located at 1825 Midland Road, Southern Pines, North Carolina 28387 (the "Property"); therefore, the Plaintiff is a secured creditor of the Debtor. *See* N.C. Gen. Stat. § 1-234.

9. On January 2, 2008, the Clerk of Court of Forsyth County issued a Writ of Execution on the Judgment to the Sheriff of Moore County.

10. Pursuant to the Writ of Execution, the sheriff conducted an execution sale of the Property on April 8, 2008. Following an upset bid by the Debtor, the Plaintiff made a further upset bid of $250,000.00, and placed the required deposit with the Clerk of Court of Moore County.

11. The Debtor filed a petition constituting an order for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") on May 5, 2008 (the "Petition Date").

US2000 10919164.1 08599-350384

Case 08-80681    Doc 27    Filed 07/17/08    Page 3 of 6

12. The Petition Date was the last day to upset the Plaintiff's $250,000.00 bid, which was the highest and best offer to purchase the Property; however, due to the automatic stay imposed by section 362 of the Bankruptcy Code, the sale of the Property was not completed.

13. As of the Petition Date, the total amount due and owing the Plaintiff was $1,027,875.30.[1] The Debtor lists the value of the Property in his schedules as $350,000.00.[2] However, as stated above, the highest and best offer for the Property during the execution sale was in the amount of $250,000.00. Given the current fair market value of the Property, and the total amount due and owing the Plaintiff, it is clear that there is no equity in the Property.

14. On June 25, 2008, the Plaintiff filed an Amended Motion for Relief From Automatic Stay [Docket No. 17], which is set for hearing on July 31, 2008, seeking relief from the automatic stay to complete the sale of the Property.

15. However, even if the sale of the Property is completed, with such a large difference between the fair market value of the Property and the outstanding debt owed to the Plaintiff, a deficiency balance will likely exist and the Debtor will still owe the Plaintiff a significant sum.

16. In addition, on July 9, 2008, the Bankruptcy Administrator filed a Statement of Presumed Abuse [Docket No. 23]. To date, the Bankruptcy Administrator has not filed a motion to dismiss or convert the case.

17. For the reasons set forth in Count I, and in accordance with section 523(a)(2)(A) of the Bankruptcy Code, the debt owed to the Plaintiff should not be dischargeable and the

---

[1] This amount is comprised of the principal amount of $550,000.00, interest of $477,739.65 (per diem interest of $120.55, multiplied by 3,963 days), and court costs of $135.77.
[2] The Debtor's Schedule A lists the value of the Property as $350,000.00; however, the Debtor incorrectly lists the debt secured by the Property as $0.00.

US2000 10919164.1 08599-350384

Plaintiff should be allowed to recover any remaining deficiency balance in accordance with applicable law.

## Jurisdiction and Venue

18. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## COUNT I

## DETERMINATION OF DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

19. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18, as if fully set forth herein.

20. Pursuant to the Agreement, the Plaintiff agreed to provide the Defendants with a loan in the amount of $500,000.00.

21. The Defendants obtained the $500,000.00 loan from the Plaintiff through false pretenses, false representations and actual fraud.

22. The Defendants knew, at the time the Agreement was executed, that their representations regarding the equity partnership position with BB were untrue.

23. The Defendants reasonably calculated that such false representations would deceive the Plaintiff and result in the Plaintiff making the $500,000.00 loan to the Defendants.

24. The Defendants intended to deceive the Plaintiff by making such false representations.

25. The Plaintiff justifiably relied upon the Defendants' false representations in loaning $500,000.00 to the Defendants.

26. The Defendants failed to repay the Plaintiff, after the sale of two aircraft engines to parties without security interests in said engines; thereby, resulting in damages to the Plaintiff.

27. As outlined above, the Judgment against the Debtor is in the amount of $550,000.00, plus interest at the legal rate of 8% from July 1, 1997, as well as the costs of the action.

28. The Judgment states that "the amount prayed for by the Plaintiff is for an amount which has been admitted by all Defendants to be due and owing to Plaintiff."

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order holding that (1) the total amount due and owing the Plaintiff, as outlined in the Judgment, is nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code; (2) the Plaintiff is entitled to recover from the Defendant his costs and expenses incurred herein; and (3) the Court grant the Plaintiff such other and further relief as is proper.

Respectfully submitted, this 17th day of July, 2008.

/s/ Elliot A. Fus
Elliot A. Fus
North Carolina Bar No. 24240
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 747-7543

Sameer K. Kapoor
Georgia Bar No. 407525
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
(404) 815-6566

Attorneys for Plaintiff