UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:                                     )
                                           )
DONALD VINCENT BERNARDO,                   )          Case No. 08-80681
                                           )
        Debtor.                            )

_____

## ORDER AND OPINION

This motion came before the court on November 19, 2009.   After considering the

evidence on record and the arguments of counsel, this Court makes the following findings of fact

and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 11

U.S.C. § 505, which grants jurisdiction to the bankruptcy court to hear and decide any disputed

tax claim so long as the liability of the taxpayer-debtor has not been previously adjudicated in

federal district court, tax court, or claims court.

## FINDING OF FACTS

Donald Vincent Bernardo (hereinafter "Debtor") filed a voluntary petition for relief

under Chapter 7 of the Bankruptcy Code on May 5, 2008.  Thereafter, Sara A. Conti (hereinafter

"Trustee") sold, pursuant to an Order for Public Sale of Real Property entered by this Court,

Debtor's real property located at Lot #25 Victoria Lake, Waxhaw, NC ("the Property").  Prior to

the sale, this property was owned by the Debtor and Mrs. Bernardo as tenants by the entirety.  The

sale of the Property to Ronald and Rosalie Segal generated a sum of $120,000, and the Trustee

received net proceeds in the amount of $104,143.06.

1

After the sale, two outstanding claims against the Property remained: (1) the claim of the Internal Revenue Service ("the IRS") for unpaid taxes in the amount of $739,541 and (2) the claim of Victoria Lake Homeowners Association for unpaid dues in the amount of $1,649.20. The IRS has served a Notice of Levy  on the $104,143.06, half of which ($52,071.53) is available for distribution to Mrs. Bernardo from the sale of the Property.  The IRS claims that it is entitled to receipt of Mrs. Bernardo's share of the funds, but the Trustee is not willing to release the funds without authorization from the Court.

The trustee appeared before the court on November 19, 2009 to request that this Court enter an order authorizing the interim distribution of the net sale proceeds from the sale of certain real property to the co-owner of the real property, Mrs. Joan Bernardo, pursuant to her motion filed October 03, 2009. The trustee referenced § 363(j), which allows a Trustee to distribute to the co-owner the proceeds of sale, less the costs and expenses related to the sale, in support of her assertion that the distribution to Mrs. Bernardo of the sum of $52,071.53 is in the best interest of the estate.

The United States of America, on behalf of the IRS, has filed an objection to the Trustee's motion to authorize this interim distribution of net sale proceeds based primarily upon the fact that, pursuant to  § 6331(a) of the Internal Revenue Code, the IRS may levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  The IRS served a notice of levy with respect to the proceeds that the Trustee was holding for the benefit of Mrs. Bernardo, which indicates that, as of September 21, 2009, Mrs. Bernardo had an outstanding tax liability in the amount of $78,355.69.  This liability is a joint and several liability with the Debtor.  The IRS

argues that, pursuant to this notice of levy served upon the Trustee, it has acquired the rights that

Mrs. Bernardo had in the proceeds from the sale of real property by the Trustee.

## DISCUSSION

The issue in this case is whether the Bankruptcy Code requires the Trustee to

immediately disburse monies gained from the sale of joint property to the co-owner, non-debtor

spouse pursuant to 11 U.S.C. § 363(j) even though such payments are subject to IRS levy under

26 U.S.C. §§ 6321 and 6331.  From the outset, the sale of the jointly held property was approved

by the Court pursuant to 11 U.S.C. §363(h), which allows the Debtor to sell both the estate's

interest in property as well as the interest of any co-owner of that property.  The sale, therefore,

was proper.  Pursuant to § 363(j) of the Bankruptcy Code,

> "after a sale of property to which subsection (g) or (h) of this section applies, the
> trustee shall distribute to the debtor's spouse or the co-owners of such property, as
> the case may be, and to the estate, the proceeds of such sale, less the cost and
> expenses, not including any compensation of the trustee, of such sale, according
> to the interests of such spouse or co-owners."

11 U.S.C. § 363(j).  The legislative history supports an *immediate* distribution in the interest of

protecting the co-owner's rights. *In re Ball,* 362 B.R. 711 (Bkrtcy.N.D.W.Va. 2007) (citing *In re

Maruko Inc.*, 200 B.R. 876 (Bankr.S.D.Cal.1996)) (emphasis added).  It is this section of the

Bankruptcy Code upon which the Trustee bases her assertion that an immediate distribution of

the monies to Mrs. Bernardo would be in the best interest of the estate.

The Internal Revenue Code, on the other hand, creates a lien on a tax debtor's property,

or in this case a co-owner, non-debtor spouse's property, attaching at the time the taxes are

assessed. 26 U.S.C. § 6321; *In re Wright*, 156 B.R. 549 (Bankr.N.D.Ill 1992).  The Service's

interest in seized property is its lien on that property.  Title 26 U.S.C. § 6321 provides that a

federal tax lien attaches to "all property and rights to property, whether real or personal, belonging to" a delinquent taxpayer. *U.S. v. Bess,* 357 U.S. 51, 55 (1958).  The IRS, by operation of § 6321, "steps into the taxpayer's shoes," and has the same rights as the taxpayer in property or rights to property subject to the lien.  B. Bittker & M. McMahon, Federal Income Taxation of Individuals ¶ 44.5[4][a] (2d ed. 1995 and 2000 Cum. Supp.)  This  statutory language authorizing the tax lien "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *U.S. v. National Bank of Commerce,* 472 U.S. 713, 719-720 (1985).  "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Glass City Bank of Jeanette, Pa., v. U.S.*, 326 U.S. 265, 267 (1945).

The Tax Code gives the IRS the authority to collect the unpaid taxes by levying the taxpayer's property, that is, by seizing the property "by any means" and selling it to satisfy the lien. 26 U.S.C. §§ 6331(a) & (b).  The Internal Revenue Code's levy and seizure provisions, 26 U.S.C. **§§** 6331 and 6332, are special procedural devices available  to the IRS to protect and satisfy its liens. *U.S. v. Whiting Pools, Inc.,* 462 U.S. 198 (1983) (citing *U.S. v. Sullivan*, 274 U.S. 259 (1927)). Additionally,  § 6332(a) requires third parties to surrender property subject to an IRS tax lien. In this case, the IRS lien extends to the co-owner, non-debtor's property based on Mrs. Bernardo's outstanding tax liability.  Additionally, as the Trustee acknowledged in her motion, the IRS served a notice of tax levy upon her with respect to the proceeds that she was holding for the benefit of Mrs. Bernardo.

In further support of its objection, the IRS contends that suits to enjoin the assessment and/or collection of taxes are prohibited by the "anti-injunction" statute.  Section 7421(a) of the 1954 Internal Revenue Code provides: "no suit for the purpose of restraining the assessment or

collection of any tax shall be maintained in any court by any person, whether or not such person

is the person against whom such tax was assessed." The United States argues that none of the

statutory exemptions are applicable to the present case and that the narrow judicial exception, as

announced in *Enochs v. Williams Packing & Nav. Co.,* 370 U.S. 1 (1962) and reaffirmed in *Bob*

*Jones University v. Simon*, 416 U.S. 725 (1974), is equally inapplicable.

      While the bankruptcy court could attempt to resolve this conflict between the co-owner,

non-debtor spouse's rights and the IRS's authority by ordering a disbursement of funds to the

wife, the fact that those funds, once disbursed, could be subject to levy by the IRS, evidences the

fact that the IRS ultimately holds the superior right to possession. *See generally, In re Floyd W.*

*Beam and Elaine M. Beam*, 229 B.R. 454 (Bkrtcy.D.Or. 1998).  This is especially true due to the

fact that the co-owner, non-debtor spouse did not appear at the hearing to contest the IRS's

position and has not asserted her rights by motion or in any other manner.  Additionally, the IRS

may collect such tax by levy upon property, and such a notice of levy was filed in regards to

these funds.  Such a ruling would ultimately be without prejudice to the co-owner, non-debtor

spouse as she may have a refund action in a District Court under the procedures outlined at 26

U.S.C. § 7422 to the extent that the wife feels she is entitled to the money.

## CONCLUSION

      The Court finds that the Trustee must comply with the IRS's levy and sustains the United

States of America's objection to the Trustee's motion, on behalf of the IRS, such that the

Trustee's motion to authorize interim distribution of net sale proceeds is denied.

      IT IS SO ORDERED.

# SERVICE LIST

Donald Vincent Bernardo
Debtor

Joan Bernardo
8703 Calumet Farms Drive
Waxhaw, NC 28173

P. Wayne Robbins
Attorney for Debtor

Sara A. Conti
Trustee

Scott Little
Attorney IRS

Michael D. West
U.S. Bankruptcy Administrator